UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

THE HONORABLE BENJAMIN H. SETTLE
NOTE FOR EX PARTE HEARING
SEPTEMBER 23. 2019
ORAL ARGUMENT REQUESTED

| | |
|---|---|
| Mitchell Shook,<br><br>            Plaintiff Pro Se,<br><br>vs.<br><br>CITY OF TACOMA,<br><br>MOUNTAIN RAIL DIVISION<br><br>            Defendant. | CASE NO. 3:19−cv−05794−BHS<br><br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER |

Plaintiff's Motion for Temporary Restraining Order- 1
[3:19−cv−05794−BHS]

Mitchell Shook, Plaintiff
3624 6Th Ave Suite C
Tacoma, WA 98406
Phone 253-627-8000

## I. INTRODUCTION

Plaintiff, Mitchell Shook ("Mr. Shook") requests a Temporary Restraining Order ("TRO") to preserve the status quo and equitable interests of the parties, until a decision on remand is obtained. Such Order will prevent Defendant, City of Tacoma, ("City") from conveying the railway and related assets at issue in this case.

The City of Tacoma has recently entered into an agreement to sell a portion of the City's municipally owned railway property. Mr. Shook contends the sale is void without an approving vote of the City's electorate, who are vested with the ultimate right to convey such municipal utility assets under Chapter 35.94 RCW.

Mr. Shook's underlying case seeks to require the City place the question of selling the railway on a ballot, given RCW 35.94.020's requirement, that any sale of a municipal railway, or other municipal utility property, "shall not take effect" until approved by the "voters."

The City disputes Mr. Shook's right to vote over the disposal of the public railway property and is presently taking steps to convey the railway to the potential buyer.

## II. RELIEF REQUESTED

Mr. Shook requests a Temporary Restraining Order to allow time for the Court to make a decision on Shook's Motion for Remand, which was filed on September 18th, 2019.

This proposed Order would prevent the City from executing any deeds, or otherwise placing the prospective buyer into possession of the railway property while the Court decides remand.

## III. QUESTION PRESENTED

1. Would preserving the status quo of the railway and related property, by temporarily preventing conveyance, be in the interest of justice?
2. Does Mr. Shook have a high likelihood of prevailing on his motion for remand in this case?
3. Does Mr. Shook have a high likelihood of prevailing on his right to vote on the disposal of municipal utility property?

Plaintiff's Motion for Temporary Restraining Order- 2
[3:19−cv−05794−BHS]

Mitchell Shook, Plaintiff
3624 6Th Ave Suite C
Tacoma, WA 98406
Phone 253-627-8000

### IV. EVIDENCE RELIED ON

This motion is based on the pleadings and papers filed in this case and the Declaration of Mr. Shook filed herewith.

### V. STATEMENT OF FACTS

1. The City of Tacoma owns a Class III short line railway.
2. The City has conducted railway operations for over 100 years.
3. On Tuesday August 6, 2019 the Tacoma City Council passed Resolution #40394, authorizing the sale of 4.4 miles of the publicly owned railway for $100,000. (see Shook Decl 9/23/19, Ex. 5.)
4. This City's municipal railways are designated as a common carrier with tariffs approved by City Council for serving customers. (see Shook Decl 9/23/19, ¶6, Ex. 6.)
5. Under the purchase agreement, the buyer is taking over the City railroad's common carrier obligations and services. (see Shook Decl 9/23/19, ¶5, Ex. 5.)
6. No public hearing was held regarding the Council's decision to sell this 4.4-mile section of municipal railroad property. (see Shook Decl 9/23/19, ¶5.)
7. The City has not abandoned the railway or filed a "notice of abandonment" with the surface transportation board (STB). (see Shook Decl 9/23/19, ¶5.)
8. The City has no plans to seek voter approval on the sale of this railway. (see Shook Decl 9/23/19, ¶5.)

### VI. ARGUMENT AND LEGAL AUTHORITY

1. **Legal Authority Requires Grant of Plaintiff's Motion for Restraining Order**.

"[O]ne who seeks relief by temporary or permanent injunction must show (1) that he has a clear legal or equitable right, (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him." Kucera v. DOT, 140 Wn.2d 200, 209 (2000). Further, "[s]ince injunctions are addressed to the equitable powers of the court, the listed criteria must be examined in light of equity including balancing of the relative interests of the parties, and, if

Plaintiff's Motion for Temporary Restraining Order- 3
[3:19−cv−05794−BHS]

Mitchell Shook, Plaintiff
3624 6Th Ave Suite C
Tacoma, WA 98406
Phone 253-627-8000

appropriate, the interests of the public." *Id.*

2. **State Law Requires Voter Approval to Sell Municipal Utility Assets.**

Chapter 35.94 RCW, titled <u>SALE OR LEASE OF MUNICIPAL UTILITIES</u>, at section 35.94.020 RCW provides procedures by which municipal utilities, ***or any part thereof,*** may be separated from public ownership. The statute states:

> The legislative authority of the city, if it deems it advisable to lease or sell the works, plant, or system, ***or any part thereof***, shall adopt a resolution. . . (emphasis added).

The section of railway at issue is "***any part thereof***," hence, the approving vote of the public is required prior to conveying title. Specifically, the statue provides that a conveyance "*shall not take effect until it has been submitted to the voters of the city for their approval or rejection at the next general election*."

3. **<u>Voters Have Statutory Right to Approve Sale of Municipal Utility Property.</u>**

Washington State statute expressly names "railways" as one of the "public utilities" requiring the approving vote of the electorate prior to separation, vesting or privatization.

Railways were specifically included, among the many utilities listed, in the original language of RCW 35.94. The original language is found in House bill No. 337, entitled "Sale or Lease of Public Utilities Owned by Cities or Towns." It was printed as Chapter 137 of the <u>Laws of Washington 1917</u>. This became codified as Remington's Revised Statutes ("RRS") 1917 c 137 §§ 9512–14. <u>see</u> Shook Decl. 9/18/19 Ex.1.

Remington RRS § 9512-9514 was "**Rewritten for brevity**" in 1946 by the Code Revision and Recompilation Committee. *see* Shook Decl 9/18/19, ¶3 Ex. 3.

The longer, more comprehensive, list of utilities, which included "railways," was abbreviated by substituting the all-encompassing phrase "***any*** public utility works, plant, or system owned by it or ***<u>any part thereof</u>*** " <u>see</u> Shook Decl 9/18/19, Ex. 2, Ex.3, Ex.4  (The history of RRS § 9512-9514 inclusive).

There was no legislative act to repeal, supersede or change the law. Removing the term "railways" from the statute was done by the Code Revision and Recompilation Committee. RRS

Plaintiff's Motion for Temporary Restraining Order- 4
[3:19−cv−05794−BHS]

Mitchell Shook, Plaintiff
3624 6TH Ave Suite C
Tacoma, WA 98406
Phone 253-627-8000

Section §9512 accurately reflects the legislative intent of the Session Laws of 1917. That legislative intent survives, intact, as RCW 35.94 and Tacoma's municipally owned railway is thereby protected from privatization, absent an approving vote of the people.

Fortunately, any confusion over the Code Revision and Recompilation Committee's actions are simplified by state case law, for the original, unabbreviated, statutory language of RRS § 9512 survives intact thru <u>Bremerton Municipal League v. Bremer</u>, 15 Wn.2d 231, (1942), which cites RRS § 9512 thus:

> It is and shall be lawful for any city or town in this state now or hereafter owning any water works, gasworks, electric light and power plant, steam plant, street *railway line*, street *railway plant, telephone or telegraph plant and lines*, or any system embracing all or any one or more of such works or plants or *any similar or dissimilar utility or system* . . . (emphasis added)
> <u>Bremerton Municipal League v. Bremer</u>, 15 Wn.2d 231, 130 P.2d 367 (1942)

Chapter 35.94 RCW requires an approving vote of the electorate. The people have the power of "ownership" and are vested with authority to provide final approval over a "sale" or privatization of their railway. City Council's role is simply that of their trustee.

To find this authority the Court must consider the "plain meaning" and "legislative intent" of RCW 35.94. *see* <u>Wash. Pub. Ports Ass'n v. Dep't of Revenue</u>, 148 Wash.2d 637, (2003);[1]

**4.   State Regulation and Law Recognizes Railroads are Utilities.**

Railways, as public service entities, are "utilities." Along with ferries and telegraph operations, railways are among the very first recognized "public utilities" under common law.

> In Prosser v. Wapello Co., 18 Iowa, 327 (sic), it was held by **Judge Dillon** that a public ferry franchise could only be conferred by the government, and must be founded on grant, license, or prescription. Ownership of the soil on each side of a stream does not confer the right to establish thereon without a grant a public ferry (sic) at which tolls are charged.

<u>State v. Spokane St. Ry. Co</u>., 19 Wash. 518, 53 P. 719, (1898)

---

[1] Courts must give effect to "plain meaning" of Legislature intended. *State v. J.M.*, 144 Wn.2d 472,(2001).

Plaintiff's Motion for Temporary Restraining Order- 5    Mitchell Shook, Plaintiff
[3:19−cv−05794−BHS]                                      3624 6Th Ave Suite C
                                                         Tacoma, WA 98406
                                                         Phone 253-627-8000

Railways are utilities because their authority to exist is granted by the sovereign:

> We conclude that a corporation of the nature of appellant, receiving its franchises from the state and entering upon the enjoyment of them, cannot cease to perform the functions which were the consideration for the grant of such franchises without the consent of the granting power. The question of the public convenience is one which appeals to the discretion of the court.

State ex rel. Grinsfelder v. Spokane Street Railway Co., 19 Wash. 518, 53 P. 719

RCW 35.94 applies to railroads as a "utility". Under Washington law, railways are commonly defined as "public utilities". For example, in RCW 82.16.020 (1)(f), a "public utility" tax is imposed on railroads. Railroads are defined as "public utilities" under Section 82.16.010 (9) RCW, Public Utility Tax -Definitions: "Railroad business" means the business of operating any railroad, by whatever power operated, for public use in the conveyance of persons or property for hire. Railways are regulated as public utilities under Chapter 480-62 WAC - RAILROAD COMPANIES. Railroads are identified as public utilities in RCW 64.04.180. Railways are as "public utilities" and the requirements of Chapter 35.94 RCW applies to the municipal ownership of such railways.

**5.   Right to Vote on Sale of Municipal Utility is a "Property Right"**

Municipal railway ownership requires consideration of both the public's interest at large and of the citizen's rights as "shareholders."

> A railway company . . . assumes certain obligations to the public, among which is the devotion of its property to the use of the public, so that its property becomes affected with a public interest; and it is created upon the theory that it will be a public benefit, and the state confers upon it extraordinary privileges, and may exact from it in return the performance of public duties, and it holds its property in trust, not only for the pecuniary benefit of its stockholders, but for the public use as well.

Puget Sound Electric Railway. v. Railroad Commission, 65 Wash. 75, 117 P. 739 (1911).

When a railway is owned by a municipal corporation, the "pecuniary benefit" towards "stockholders" **inures to the citizens**. They alone possess the authority to provide approval and consent in selling their municipal railway, without which a valid deed cannot pass to the buyer.

The "electorate" possesses the final and essential authority to convey and vest the City's municipal utility assets. This is not a federal question. It is a matter of state property rights.

Plaintiff's Motion for Temporary Restraining Order- 6
[3:19−cv−05794−BHS]

Mitchell Shook, Plaintiff
3624 6ᵀᴴ Ave Suite C
Tacoma, WA 98406
Phone 253-627-8000

Defendant, in the Answer, cites the Interstate Commerce Commission Termination Act of 1995 (49 U.S.C. § 10101 et seq.). This citation is misplaced and does not support removal of this case to District Court.

The ICCTA is inconsequential and provides no "preemptive effect." Nor does it raise any "substantial question of federal law," as the City incorrectly maintains in its Notice of Removal. *see* Defendant's Notice of Removal of Action from State Court, p.2.

The ICCTA is related to the regulation and "operations" of railroads. This case is about conveyance of "***property rights***" and the authority required to transfer an "ownership interest." The vesting of fee title in the public's municipal railway property, and Mr. Shook's tangible right to vote over the disposal of his communal interest in such real property, is not impacted by the ICCTA.

Congress, thru enacting the ICCTA, did not intend to tamper with the U. S. Constitution's Fifth Amendment's Taking Clause. *see*, e.g., Armstrong v. United States, 364 U.S. 40, 44, 46 (1960) (lien provided for under Maine law protected by Taking Clause); Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 596-602 (1935) (real estate lien protected); Lynch v. United States, 292 U.S. 571, 579 (1934) (contracts are property under the Taking Clause).

In fact, the ICCTA specifically supports Mr. Shook's right to vote over such a sale.

> [I]f a purchase and sale, a lease, or a corporate consolidation or merger is involved in the transaction, the carrier or corporation may carry out the transaction ***only with the assent of a majority***, or the number required under applicable State law, ***of the votes*** of the holders of the capital stock ***of that corporation entitled to vote***.

To destroy Mr. Shook's right to vote over the disposal of the railroad property would amount to authorization of an "unlawful taking." The ICCTA contains no intent to destroy Mr. Shook's statutory right to vote over sale and separation of the community's public railroad assets. Title 49 and the ICCTA simply does not support the defendant's Removal Notice.

**6.    Strong Presumption Against Removal with Burden of Proof on Defendant**

The City's Notice of Removal offers no argument or evidence supporting removal to District court. Federal Courts have limited jurisdiction and removal of this case wrongfully deprives Mr. Shook of his chosen forum.

Plaintiff's Motion for Temporary Restraining Order- 7　　　　　　　　　　Mitchell Shook, Plaintiff
[3:19−cv−05794−BHS]　　　　　　　　　　　　　　　　　　　　　　　　　3624 6Th Ave Suite C
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tacoma, WA 98406
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Phone 253-627-8000

    There is a strong presumption against removal. A removing defendant bears the burden of proof for establishing federal court jurisdiction. *See* <u>Gaus v. Miles Inc</u>., 980 F.2d 564, 566 (9th Cir. 1992); removal statutes are strictly construed, *also* <u>Meritcare Inc. v. St. Paul Mercury Ins. Co</u>., 166 F.3d 214, 217–218 (3d Cir. 1999); uncertainties are to be resolved in favor of remand, *and* <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S 1, 10–11 (1983); <u>Burns v. Windsor Ins. Co</u>., 31 F.3d 1092, 1095 (11th Cir. 1994), *finally* <u>Gaitor v. Peninsular & Occidental S.S. Co</u>., 287 F.2d 252 (5th Cir. 1961); burden of proof in removal is upon defendant.

    The City has not met the burden of proof required for removal, in law or in fact, and this case has a high likelihood of should be remanded.

### 7. **High Likelihood of Prevailing On Motion For Remand**

    Mr. Shook has a high likelihood of prevailing on his Motion for Remand, since the District court has no subject matter jurisdiction over Mr. Shook's right to vote on the sale of the City's municipal railway property under RCW 35.94, for this is a state matter.

    Disputes over rights created by state statutes, including intangible "property rights" inhering thereby, such as Mr. Shook's right to vote, are properly determined by state courts according to state law. *See* <u>Lawson v State</u> 107 Wn.2d 444 (Wash. 1986), 730 P.2d 1308 (property interests are determined *according to state law*. (emphasis added) [2]

## VII.   CONCLUSION

  For the reasons above, Mr. Shook respectfully requests a temporary restraining order to preserve the status quo and equitable interests until a decision on remand is obtained.

DATED: Sept 23, 2019              By: _____
                                                         Mitchell Shook, Pro Se Plaintiff

---

[2] *Citing* Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1001, 1003, 81 L. Ed. 2d 815, 104 S. Ct. 2862 (1984)

Plaintiff's Motion for Temporary Restraining Order- 8       Mitchell Shook, Plaintiff
[3:19−cv−05794−BHS]       3624 6Th Ave Suite C
    Tacoma, WA 98406
    Phone 253-627-8000

# AFFIDAVIT OF SERVICE

I declare under penalty of perjury of the laws of the State of Washington that on September 23, 2019, I served true and correct copies of:

1). PLAINTIFF SHOOK'S MOTION FOR TEMPORARY RESTRAINING ORDER.

2) DECLARATIOIN OF SHOOK IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER REMAND DATED 9/23/2019

These documents were delivered via the Court's e-serve system and additionally thru Email to the Attorneys for the Defendant: Joseph Sloan, at joseph.sloan@cityoftacoma.org and Tom Morrill, at TMorrill@ci.tacoma.wa.us and Chris Bacha at CBacha@ci.tacoma.wa.us.

Dated this 23th day of September 2019

*[signature: Mitch Shook]*

Mitchell Shook, Plaintiff

---

Plaintiff's Motion for Temporary Restraining Order- 9
[3:19−cv−05794−BHS]

Mitchell Shook, Plaintiff
3624 6Th Ave Suite C
Tacoma, WA 98406
Phone 253-627-8000

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

THE HONORABLE BENJAMIN H. SETTLE
NOTE FOR EX PARTE HEARING
SEPTEMBER 23. 2019
ORAL ARGUMENT REQUESTED

Mitchell Shook,

Plaintiff Pro Se,

vs.

CITY OF TACOMA,

MOUNTAIN RAIL DIVISION

Defendant.

CASE NO.  3:19−cv−05794−BHS

(PROPOSED)

TEMPORARY RESTRAINING ORDER

Temporary Restraining Order- 1
[3:19−cv−05794−BHS]

Mitchell Shook, Plaintiff
3624 6Th Ave Suite C
Tacoma, WA 98406
Phone 253-627-8000

This matter came before the Court upon Plaintiff Mitchell Shook ("Plaintiff")'s Motion for a TEMPORARY RESTRAINING ORDER ("Motion"). Having heard and considered all evidence and oral arguments presented to the Court in support a this preliminary injunction, and for good cause appearing, therefore, the Court hereby enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OFF FACT

Plaintiff's Motion is GRANTED, The Court having found that:

1. Defendant, City of Tacoma ("City"), removed this case from state court and Plaintiff filed a Motion for Remand now scheduled for determination by this Court on October 11, 2019.
2. The City does not intend to hold a municipal election on the matter of the sale.
3. Plaintiff has a high likelihood of prevailing on his Motion for Remand.
4. Plaintiff has a high likelihood of prevailing on the underlying claim in this case.
5. Defendant is now finalizing the sale of the municipal railway property at issue.
6. The pending sale and transfer of the municipal railway property supports Plaintiff's well-grounded fear of an immediate invasion of potential rights under dispute in this matter.

### CONCLUSIONS OF LAW

1. The Court presently has jurisdiction over the City and the subject matter of this action.
2. To obtain a preliminary injunction, a plaintiff must establish (1) a clear legal or equitable right; (2) a well-grounded fear of an immediate invasion of that right by the defendant; and (3) that the acts constituting such an invasion are resulting, or will result, in actual and substantial injury to the plaintiff. *see* Kucera v. Department of Transportation, 140 Wn.2d 200,209,995, P.2d 63 (2000). These elements must be reviewed as part of a balancing of the relative interests of the parties, and where appropriate, the interest of the public. Id. at 209.
3. Railways are one of the municipal utilities contemplated under Chapter 35.94 RCW.
4. The railway in question is municipal property.
5. The proposed transfer of the municipal railway constitutes a sale, lease and/or disposal of a

Temporary Restraining Order- 2
[3:19−cv−05794−BHS]

Mitchell Shook, Plaintiff
3624 6Th Ave Suite C
Tacoma, WA 98406
Phone 253-627-8000

municipal utility asset.

6. Therefore, pursuant to the requirements of RCW 35.94.020, selling, leasing or disposing of municipal railway property requires an approving vote of the people.

7. Based on the Findings of Fact set forth above, there is substantial likelihood that Plaintiff will succeed on the merits of his claim and that the City is or will wrongfully injure Plaintiffs' rights to vote over in finalizing, approving, and entering into the sale of the railway proerty without first holding a municipal election and will thereby harm Plaintiffs unless enjoined.

8. Plaintiff therefore has established a clear legal and equitable right and a well-grounded fear of an immediate invasion of that right by the City, and that such invasion threatens real and substantial injury to Plaintiff.

## TEMPORARY RESTRAINING ORDER

For the reasons set forth in the above Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

Plaintiff's motion is granted.

1. Defendant, City of Tacoma, its officers, agents, servants, employees, attorneys and all persons in active concert and participation with them who received actual notice of this order, are enjoined from conveying, vesting or delivering possession of the railway property at issue in this dispute.

2. This order shall go into effect immediately and shall remain in effect until determination of Plaintiff's Motion for Remand, now scheduled for October 11, 2019, is made.

DATED this _____ day of September 2019

By: _____
JUDGE BENJAMIN H. SETTLE

*Presented by:*

DATED: Sept._____19       By: _____
                               Mitchell Shook, Plaintiff

Temporary Restraining Order- 3
[3:19−cv−05794−BHS]

Mitchell Shook, Plaintiff
3624 6Th Ave Suite C
Tacoma, WA 98406
Phone 253-627-8000

1  DATED: Sept. ____2019            BY: WILLIAM C. FOSBRE, City Attorney
   Approved for Entry:
2  Notice of Presentation Waived

3                                   _____
                                    M. Joseph Sloan, WSBA #13206
4                                   Deputy City Attorney, City of Tacoma

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Temporary Restraining Order- 4                              Mitchell Shook, Plaintiff
[3:19−cv−05794−BHS]                                         3624 6Th Ave Suite C
                                                            Tacoma, WA 98406
                                                            Phone 253-627-8000