UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MITCHELL SHOOK,

    Plaintiff,

 v.

CITY OF TACOMA,

    Defendant.

CASE NO. C19-5794 BHS

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

This matter comes before the Court on Plaintiff Mitchell Shook's ("Shook") motion to remand; or alternative demand for jury trial, Dkt. 6, Shook's motion for partial summary judgment, Dkt. 30, and Defendant City of Tacoma's ("City") motion for summary judgment, Dkt. 33. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Shook's motion to remand and denies the motions for summary judgment without prejudice for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 6, 2019, Shook filed a complaint against the City in Thurston County Superior Court for the State of Washington. Dkt. 3-1 at 10–12. Shook alleges that the

ORDER - 1

City entered into an agreement to sell 4.5 miles of railway in Thurston County. *Id.* ¶¶ 2.1–2.9. Shook claims this violates RCW 35.94, which requires the City to put the proposed sale of a utility up for a public vote. *Id.* ¶¶ 3.1–3.4. Shook seeks declaratory and injunctive relief voiding the sale and returning the railway back to the City so that a proper vote may occur. *Id.* ¶¶ 8.1–8.8.

On August 27, 2019, the City removed the matter to this Court alleging that "[a]cquisitions of property of a rail carrier by another rail carrier are governed by the ICC Termination Act of 1995 (Pub.L. 104-88, 109 Stat. 803; 1995-12-29) codified at 49 USC § 10101 *et. seq.*, and are subject to the exclusive jurisdiction of the Surface Transportation Board ["STB")]." Dkt. 1, ¶ 4.

On September 9, 2019, Shook filed the instant motion requesting a remand or, in the alternative, a jury trial. Dkt. 6. On October 7, 2019, the City responded. Dkt. 23. On October 14, 2019, Shook replied. Dkt. 25.

On January 22, 2020, Shook filed a motion for partial summary judgment, Dkt. 30, and the City filed a motion for summary judgment, Dkt. 33. On February 10, 2020, the City responded. Dkt. 34. On February 14, 2019, Shook replied. Dkt. 36. On February 18, 2020, Shook responded to the City's motion. Dkt. 37. On February 21, 2020, the City replied. Dkt. 38.

## II. DISCUSSION

In this case, Shook's claim may be separated into two relevant parts. First, Shook argues that under state law the City must conduct a vote of its citizens before it may acquire the authority to sell the railroad, which he claims is a utility. Second, Shook

argues that, because the City did not acquire that authority through a vote, the sale of the railway is void. The first issue involves seemingly novel issues of state law that should be resolved by a state court. The second issue invokes the primary jurisdiction of the STB and does not provide a basis for removal. Therefore, the matter should be remanded to the state court for further proceedings.

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998)). One exception to this well-pleaded complaint rule "is when Congress 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *B & S Holdings, LLC v. BNSF Ry. Co.*, 889 F. Supp. 2d 1252, 1255 (E.D. Wash. 2012) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)).

In this case, it is undisputed that the STB has exclusive jurisdiction over the "acquisition" of track located entirely in one State. 49 U.S.C. § 10501(b). The City opted for an expedited approval process for this particular sale because it qualified for less regulatory oversight. Dkt. 13-1 at 14 ("this action is categorically excluded from environmental review under 49 C.F.R. § 1105.6(c) and from historic reporting requirements under 49 C.F.R. § 1105.8(6)."). Once the acquisition is approved by the STB, the acquisition may only be challenged at the STB pursuant to the revocation process in 49 U.S.C. § 10502(d) or by petition to the Circuit Court, pursuant to 28 U.S.C.

§§ 2321, 2342(5). *See Alaska Survival v. Surface Transp. Bd.*, 705 F.3d 1073, 1076, 1080–81 (9th Cir. 2013).

Although the City argues that the ICCTA completely preempts RCW 35.94, the Court need not each that issue because the City has failed to establish such preemption on the facts of this case. Shook is challenging two completed transactions that have gained approval by the STB. If Shook successfully obtains a declaration that he possessed the right to vote on the City's sale of the property, the STB has primary jurisdiction over those acquisitions and challenges to those acquisitions. Under the primary jurisdiction doctrine, "there can be no removal jurisdiction unless the plaintiff could have commenced the action in federal court." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1400 (9th Cir. 1988). The City has failed to establish that Shook could have commenced a declaratory action in this Court to interpret RCW 35.94 or commenced an action in this Court to challenge either completed transaction. In other words, even if Shook proposes the correct interpretation of state law, the STB has primary and exclusive jurisdiction to determine the remedies of approved acquisitions. *See Williams v. City of Atlanta*, 794 F.2d 624, 628 (11th Cir. 1986) (explaining that an action removed "without jurisdiction must be remanded" to state court). Therefore, the Court grants Shook's motion to remand and denies the dispositive motions without prejudice.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Shook's motion to remand; or alternative demand for jury trial, Dkt. 6, is **GRANTED** and Shook's motion for partial summary

judgment, Dkt. 30, and the City's motion for summary judgment, Dkt. 33 are **DENIED without prejudice**.

The Clerk shall remand this matter to Thurston County Superior Court for the State of Washington.

Dated this 26th day of February, 2020.

BENJAMIN H. SETTLE
United States District Judge